## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HUNTON ENERGY HOLDINGS, LLC, | § | |
| | § | No.  4:20-cv-01415 |
| Plaintiff, | § | |
| | § | Hon. Alfred H. Bennett |
| v. | § | Mag. Judge Frances H. Stacey |
| | § | |
| HL SEAWATER HOLDINGS, LLC, et al. | § | |
| | § | |
| Defendants. | § | |

### Defendants' Motion for Default Judgment on Counterclaims

Plaintiff Hunton Energy has failed to answer Defendants Hausman Interests' and Tommy Lott's counterclaims. Those counterclaims demonstrate that Hunton Energy's entire case is premised on fraud by Hunton Energy and its former president, Rocky Sembritzky.

Moreover, Hunton Energy's failure to answer the counterclaims follows a larger pattern of Hunton Energy withholding evidence and delaying its own case. Therefore, this Court should grant default judgment on Defendants' counterclaims, dismiss Hunton Energy's claims, and award Defendants their attorney's fees and costs.

### *Facts*

Hunton Energy filed this case nearly two years ago, alleging theft of trade secrets, breach of contract, and patent infringement. (Dkt. 1.) In May, 2021, Defendants filed their counterclaims. (Dkt. 51.)[1] The counterclaims alleged fraud and conspiracy, explaining: (i) Hunton Energy's president had, for Hunton Energy's benefit, represented to Defendants that all

---

[1] Defendants filed their original counterclaim in March, 2021. (Dkt. 44.) In May, 2021, Defendants filed their amended counterclaim. (Dkt. 51.) Defendants incorporate by reference their amended counterclaim in its entirety, thereby establishing this Court's jurisdiction and Hunton Energy's liability.

of Hunton Energy's intellectual property at issue had been assigned from Hunton Energy to a successor company known as Katana Energy, resulting in Defendants' right to use that IP; (ii) Hunton Energy's current claims that Defendants improperly used that IP cannot be viable unless Hunton Energy's representations were false; and (iii) accordingly, the Court should dismiss Hunton Energy's claims against all Defendants because of Hunton Energy's intentional misrepresentations, and award Defendants their fees and costs.[2] (Dkt. 51.)

Hunton Energy moved to dismiss the counterclaims, (Dkt. 55,) and this Court denied Hunton Energy's motion on December 8, 2021, (Dkt. 80.) Therefore, Hunton Energy was required to file its responsive pleading within fourteen days. Fed. R. Civ. P. 12(a)(4)(A). It is now March 24, 2022, and Hunton Energy still has declined to answer.

Hunton Energy's failure to answer fits into a larger pattern. Hunton Energy has failed to prosecute its case, including withholding evidence that undermines its case and corroborates Defendants' counterclaims. For example, Hunton Energy produced approximately just 214 documents. And this paltry production *did not include the key assignment agreement* corroborating the counterclaims' core assertions, despite Defendants' numerous requests for its production. (Dkt. 84 at Ex. E; *see also* Requests for Production, attached as Exhibit 1.) Hunton Energy finally produced that assignment on January 18, 2022 – just two days before its deposition without explaining its failure to comply with its discovery obligations. (correspondence attached as Exhibit 2.)[3] Deposition testimony revealed that Hunton Energy's

---

[2] To the extent Hunton Energy denies this, the only alternative is that its claims were brought in bad faith because its representations were true, and it did, in fact, assign its IP to Katana Energy.

[3] Plaintiff Hunton Energy marked the 2009 assignment as confidential under the Protective Order governing this case (Dkt. 39.) Defendants do not agree that this document warrants a confidentiality designation under the Protective Order but, nevertheless, include only a redacted version with this Motion and separately filed an unredacted version under seal in line with the Protective Order.  (*Id.* at ¶ 9.)  Defendants or Hunton Energy could file a motion addressing the

counsel had possessed the assignment *for at least ten months*. (Hunton Dep. at 78:24-79:5, attached as Exhibit 3.) Of course, had Hunton Energy timely answered the counterclaims, it would have been forced to admit the assignment's existence—undermining its attempts to hide this important document.

Similarly, Hunton Energy has repeatedly ignored other discovery obligations and deadlines. For instance, Hunton Energy moved to stay its own case 42 days before fact discovery closed, without having noticed or taken any depositions and without having produced any witnesses in response to Defendants' deposition notices. (Dkt. 77.) Continuing this pattern of gamesmanship, Hunton Energy failed to produce any expert reports by the March 3 deadline for such opening or "burden of proof" expert disclosures. Instead, the night its reports were due, Hunton Energy claimed that its former president, Rocky Sembritzky, an admitted fraudster,[4] had coincidentally become available that very day—even though, throughout the case, Hunton Energy had denied any ability to produce him for a deposition. (Dkt. 83, 84.)

Hunton Energy proposed a new scheduling order on this basis, without explaining to this Court that its proposed order moved back expert report deadlines, and without showing how Mr. Sembritzky's testimony justified delaying expert discovery.[5] (Dkt. 83, 84.) Notably, Hunton

---

confidentiality of the assignment and the need, or lack of need, to file it under seal if the Court wishes.

[4] Specifically, Rocky Sembritzky admitted to over $6 million in securities fraud in a related matter. *See Securities and Exchange Commission v. Verley Lee Sembritzky, Jr., et al.*, Case No. 20-cv-3287 (S.D. Tex.) (*E.g.*, Dkt. 1, 4, 7.)

[5] Accordingly, Defendants opposed Hunton Energy's motion to amend the case schedule. (Dkt. 84.) And contrary to Hunton Energy's reply argument (Dkt. 85), Defendants' counsel never agreed to a "blank check" to depose Mr. Sembritzky after the close of fact discovery. Moreover, Hunton Energy mixes up the timeline of events, apparently trying to imply Defendants' counsel should have done something differently:

   i.   Defendants first served Sembritzky subpoenas on May 6, 2021;

   ii.   Defendants filed motion to compel on July 19 (Dkt. 68);

Energy never even vetted any experts. The Protective Order governing this case requires parties to disclose experts to whom they would like to show confidential documents at least five business days before disclosing such documents. (Dkt. 39 at § 6E.) As a practical matter, that means a party needs to disclose such experts before the report deadline to satisfy the five-day notice requirement and have time for the expert to review documents and write a report. Hunton Energy did not do any of that. Thus, Hunton Energy seems to have planned its surprise appearance of Mr. Sembritzky and resulting motion to amend the expert discovery schedule all along.

## *Argument*

Under Rule 55, default judgment may be granted when a party fails to timely respond to a claim against it. Fed. R. Civ. P. 55. In the Fifth Circuit, social goals, justice, and expediency counterbalance the policy favoring merits decisions. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015). This balancing lies largely within the trial court's discretion. *Id.* at 496.

---

iii. Sembritzky's state court attorney denied he represents Sembritzky any further and chastised Defendants' counsel for "try[ing] to get me involved in this" on August 2;

iv. Hunton Energy's counsel repeatedly denied any ability to produce Sembritzky for a deposition through November 2;

v. Hunton Energy provided new interrogatory answers with an address for Sembritzky on January 7, 2022;

vi. Defendants tried again to serve Sembritzky with subpoenas at that address on January 12-13;

vii. R.O. Hunton testified he actually spoke with Sembritzky during fall 2021 "football season" during his January 20, 2022, deposition;

viii. Hunton Energy claimed it all-the-sudden secured Sembritzky's appearance for a deposition in its March 3 motion (Dkt. 83);

ix. Finally, on March 14, the same lawyer who chided Defendants for trying to drag him into the case apparently accepted service of a deposition subpoena for his client, Sembritzky.

To begin, this Court's docket demonstrates that Hunton Energy has failed to timely answer.[6] Hunton's motion to dismiss was denied on December 8, 2021. (Dkt. 80.). Under Federal Rule of Civil Procedure 12(a)(4)(A), Hunton Energy was required to file its responsive pleading within fourteen days, by December 22, 2021. It is now March 25, 2022, and Hunton Energy still has not answered.

Moreover, the social goals, justice, and expediency factors favor granting default judgment in this case. Hunton Energy filed this suit nearly two years ago and has been represented by counsel throughout the litigation. Hunton Energy has engaged in a strategy of delaying and avoiding discovery obligations for the past year – producing just over 200 documents, failing to produce one of the most important documents in the case until the end of fact discovery, not taking any depositions until the end of fact discovery, moving to stay its own case, and then moving to amend the case schedule on the day its expert reports were due. As such, Hunton Energy's decision not to answer the counterclaims—which would necessitate admitting the existence of the assignment it was hiding—was plainly willful.

Furthermore, granting the default judgment will end Hunton Energy's harassment of Defendants on its bad-faith claims, which have caused Defendants to expend approximately $1 million in attorneys' fees to date. Conversely, denial of the default judgment would allow Hunton Energy's harassment to continue, and create greater opportunities for fraud. For example, having hindered Defendants' ability to timely corroborate their counterclaims and defenses, Hunton Energy is now trying to save its case via untimely deposition testimony of an

---

[6] To the extent necessary, Defendants request that this Court take judicial notice of its own docket. *See* Fed. R. Civ. P. 201(c)(2); docket sheet (attached as Exhibit 4.)

admitted fraudster—who supposedly appeared the very day Hunton's expert reports were due, after being purportedly unreachable throughout the litigation (Dkt. 84.)

Another court in this District has granted default judgment where a party failed to answer following denial of its dismissal motion, and this Court should do the same. *See Chanel, Inc. v. Maslar*, No. 4:07-CV-01033, 2009 WL 10711657, at *1 (S.D. Tex. Nov. 19, 2009). Similarly, another court within the Fifth Circuit granted default judgment following denial of dismissal when the defaulting party had repeatedly missed deadlines. *Advoc. Fin., LLC v. Sherman*, No. CV 14-946, 2014 WL 12721488, at *3 (E.D. La. Dec. 11, 2014).

Here, the case for a default judgment is even more compelling. As described above, Hunton Energy has not just failed to respond to Defendants' counterclaim or missed deadlines. It has failed to prosecute its own case, repeatedly attempted to delay discovery, hid the key document corroborating Defendants' counterclaims and defenses, and hid a con-artist witness who it now wants to produce in an effort to save its case. This is unsurprising, given that the long-withheld assignment gave Defendants the legal right to use the intellectual property underlying Hunton Energy's claims, and as such, those claims were brought in bad faith.

### *Prayer for Relief*

WHEREFORE, Hausman Interests and Lott respectfully request that the clerk enter a default and the Court grant default judgment in favor of Hausman Interests and Lott on their counterclaims against Hunton Energy, including the following relief:

a. all actual damages;

b. dismissal of all of Hunton Energy's claims in its original action against all defendants as such claims all rest on Hunton Energy's intentional misrepresentations as set forth in the counterclaims;

c. reasonable attorneys' fees to be determined;

d. court costs; and

e. all other relief the Court deems fair and equitable.

Dated:  March 25, 2022

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: */s/ Arthur Gollwitzer III*
Attorney-in-Charge
Texas Bar # 24073336
SD TX Bar #1268313
100 Congress Avenue, Suite 1100
Austin, TX 78701
Telephone: 512.236.2000
Facsimile: 512.236.2002
agollwitzer@jw.com

Austin Yancy
Texas Bar #24110558
SD TX Bar #3352954
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:  713.752.4200
Facsimile:  713.752.4221
ayancy@jw.com

***Counsel for Defendants***

<u>**Certificate of Service**</u>

I, Arthur Gollwitzer III, an attorney of record in this matter, hereby certify that on March 25, 2022, I electronically filed the following document:

**Defendants' Motion for Default Judgment on Counterclaims**

with the Clerk of the United States District Court for the Southern District of Texas, Houston Division, and using the CM/ECF system, which will send notification and a copy of this filing to the following counsel of record, and has additional mailed it by regular mail and certified mail, return receipt requested to the following counsel of record:

Gregory V. Novak
   gnovak@polsinelli.com
Polsinelli PC
1000 Louisiana Street, Suite 6400
Houston, TX 77002
Telephone: 713.374.1600
Facsimile: 713.374.1601

Henri A. Petri, Jr.
   hpetri@polsinelli.com
Polsinelli PC
1401 I Street NW, Suite 800
Washington, DC  20005
Telephone: 202.783.3300
Facsimile: 202.783.3535

Taras A. Gracey
   tgracey@polsinelli.com
150 N. Riverside Plaza, Suite 3000
Chicago, IL  60606

*Counsel for Plaintiff*

By:   */s/ Arthur Gollwitzer III*
          Arthur Gollwitzer III